TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Lynnelle Levingston

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnelle Levingston, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| TracFone Wireless, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Lynnelle Levingston, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Lynnelle Levingston (hereafter "Plaintiff"), is an adult individual residing at 417 Tumbling T Drive, Springerville, Arizona 85938, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, TracFone Wireless, Inc. (hereafter "TracFone"), is a company with an address of 9700 Northwest 112th Avenue, Miami, Florida 33178, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. For at least the past two (2) years, TracFone contacted Plaintiff by way of text message to Plaintiff's cellular telephone.

2

7. At all times mentioned herein, TracFone contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial messages.

8. The text messages recommended that Plaintiff purchase additional minutes on her pre-paid cellular phone through TracFone's services.

9. Plaintiff called TracFone on numerous occasions and informed it to cease such text messages to her cellular phone.

10. Despite Plaintiff's requests that TracFone cease all text messages, TracFone responded that Plaintiff automatically accepted its monthly advertising text messages because she had added minutes to her cellular telephone via text message.

11. On these occasions, Plaintiff would receive two text messages from TracFone: one text message confirming the minutes that Plaintiff had added; and shortly thereafter, a second text message advertising additional minutes.

12. Plaintiff stopped purchasing additional minutes via text message, but TracFone continued to send her the same text messages, recommending that she purchase additional minutes.

13. Despite Plaintiff's repeated calls to TracFone and her unequivocal instructions that TracFone stop all text messages, TracFone continued to place text messages to Plaintiff's cellular telephone.

3

14. The Plaintiff has suffered and continues to suffer actual damages as a result of TracFone's unlawful conduct.

15. As a direct consequence of TracFone's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. TracFone contacted Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using artificial messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Plaintiff either never provided express consent to TracFone to send text messages to her cellular telephone number, or Plaintiff revoked her consent to be contacted by TracFone via text message on her cellular telephone by her repeated demands to cease text messaging her cellular telephone.

19. The messages from TracFone to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. TracFone placed text messages to Plaintiff's cellular telephone knowing that it lacked consent to send text messages to her cellular telephone number. As such, each text message placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. As a result of each text message made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each text message made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

    C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: November 1, 2013 | LEMBERG & ASSOCIATES, LLC |
| | | By: */s/  Trinette G. Kent* |
| | | Trinette G. Kent |
| | | Attorney for Plaintiff, |
| | | Lynnelle Levingston |